**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Noel GAGE, Defendant–Appellee.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

548

United States of America,
Plaintiff–Appellant,

v.

Howard Awand, Defendant–Appellee.

Nos. 08–10326, 09–10043.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2009.

Filed Aug. 27, 2009.

Robert Lawrence Ellman, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellant.

Alan M. Dershowitz, Esquire, Harvard University Law School, Cambridge, MA, Pamela L. Johnston, Esquire, Foley & Lardner LLP, Los Angeles, CA, Thomas F. Pitaro, Esquire, Law Offices of Thomas F. Pitaro, Las Vegas, NV, for Defendant–Appellee, Noel Gage.

Adam Harland Braun, Law Offices of Adam H. Braun, Los Angeles, CA, for Defendant–Appellee, Howard Awand.

Before KOZINSKI, Chief Judge, REINHARDT and SILVERMAN, Circuit Judges.

**MEMORANDUM**[*]

Due process compels use immunity only for defense witnesses who will offer testimony that directly contradicts the testimony of a government witness who has been given use immunity. *See, e.g., United States v. Straub,* 538 F.3d 1147, 1161–62 (9th Cir.2008); *United States v. Alvarez,* 358 F.3d 1194, 1216 (9th Cir.2004). Direct contradiction means more than just different subjective interpretations of the same facts. Because Dr. Kabins would not have directly contradicted a government witness who received use immunity, the indictment must be reinstated.

**REVERSED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.